The UNITED STATES of America, Plaintiff-Appellant,

and

The Crow Tribe of Indians, Intervening Plaintiff-Appellant,

v.

STATE OF MONTANA; Montana State Fish & Game Commission; Willis B. Jones; Arnold Reider; Arthur C. Hagenston; Joseph J. Klabunde; W. Leslie Pengelly; and Wesley R. Woodgerd, Defendants-Appellees.

Nos. 81–3536, 81–3553.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1982.

Decided Sept. 7, 1982.

Bruce R. Greene, Boulder, Colo., argued, for USA and Crow Tribe of Indians; Steven E. Carroll, Dept. of Justice, Washington, D. C., Bruce Greene, Boulder, Colo., on brief.

Urban Roth, Butte, Mont., for the State of Mont.

Before SNEED, ANDERSON and SKOPIL, Circuit Judges.

SNEED, Circuit Judge:

This appeal is the most recent event in litigation extending over several years involving the Crow Tribe of Indians, the

United States, and the State of Montana concerning hunting and fishing within the exterior boundaries of the Crow Indian Reservation. Prior events included the Supreme Court decision in *Montana v. United States*, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), which reversed in part our decision in *United States v. State of Montana*, 604 F.2d 1162 (9th Cir. 1979), and the judgment of the district court following our remand, 657 F.2d 244, to that court pursuant to our partial reversal by the Supreme Court. It is from this recent judgment of the district court that this appeal is taken. The United States and the Crow Tribe appear to have brought this appeal to forestall certain possible interpretations of the district court judgment that, as they see it, would be detrimental to the interests of the Crow Tribe. The operative portion of this judgment is set forth in the margin.[1]

The specific sources of the unease of the United States and the Crow Tribe are paragraphs 3 and 5 of the district court's judgment. These paragraphs read as follows:

3. That the Crow Indian Tribe's *exclusive* rights of hunting and fishing within the exterior boundaries of the Crow Indian Reservation are limited to those lands set forth in 18 U.S.C. § 1165;

\*   \*   \*   \*   \*   \*

5. That the State of Montana has authority to regulate hunting and fishing within the boundaries of the Crow Reservation by non-members of the Crow

Tribe (whether Indians or non-Indians) subject to the following limitations: (a) That such regulations of the State of Montana not regulate directly or indirectly the hunting and fishing by members of the Crow Tribe *on tribal or trust lands* ;
(b) That such regulations of the State of Montana, insofar as they address tribal or trust lands, have as their purpose the conservation and proper management of game and fish and do not discriminate against, nor impede authorized regulations of the Crow Tribe *on those tribal or trust lands* [footnote omitted and italics added].

Lands described in 18 U.S.C. § 1165 are those that belong "to any Indian or Indian tribe, band, or group and either are held by the United States in trust or are subject to a restriction against alienation imposed by the United States," or those that are "lands of the United States that are reserved for Indian use." It is not unusual to refer to such lands simply as "tribal or trust lands."

It is not necessary for the purposes of this opinion to describe with precision the nature of the difficulties that the United States and the Crow Tribe have with paragraphs 3 and 5 of the district court's judgment. It is sufficient to recognize that both are concerned that these paragraphs could be interpreted in a manner that would impose or permit restrictions on hunting and fishing by members of the Crow Tribe within the exterior boundaries

---

**1.** 1. That the title to the bed and banks to the ordinary high-water mark of that portion of the Big Horn River situated within the Crow Indian Reservation is owned by the State of Montana;

2. That the Crow Indian Tribe has no authority to regulate non-member hunting and fishing activities on the Big Horn River or on non-member owned fee lands within the Crow Indian Reservation boundaries;

3. That the Crow Indian Tribe's exclusive rights of hunting and fishing within the exterior boundaries of the Crow Indian Reservation are limited to those lands set forth in 18 U.S.C. § 1165;

4. That the Crow Indian Tribe has the authority to prohibit or regulate non-member hunting and fishing activities on tribal lands or lands held in trust for the Tribe by the United States; and

5. That the State of Montana has authority to regulate hunting and fishing within the boundaries of the Crow Reservation by non-members of the Crow Tribe (whether Indians or non-Indians) subject to the following limitations:
(a) That such regulations of the State of Montana not regulate directly or indirectly the hunting and fishing by members of the Crow Tribe on tribal or trust lands; [4]
(b) That such regulations of the State of Montana, insofar as they address tribal or trust lands, have as their purpose the conservation and proper management of game and fish and do not discriminate against, nor impede authorized regulations of the Crow Tribe on those tribal lands or trust lands.

[4] This holding is in harmony with *White Mountain Apache Tribe v. [Arizona], supra,* slip op. at 1201 [649 F.2d 1274 (9th Cir. 1981) ].

of the Crow Reservation, including upon the Big Horn River, that they believe are inconsistent with their true rights, which, to some extent, they claim rest upon the aboriginal title of the Crows.

The position of the State of Montana, on the other hand, is that the district court's judgment correctly reflects the holdings of both the Supreme Court and this court (to the extent not set aside by the Supreme Court) and that, to the extent the judgment might go beyond the letter of these prior holdings, its terms are required either by the law of the case, collateral estoppel, res judicata, or stare decisis.

The present record of this case does not permit us to rule definitively upon the contentions of the parties. Completely lacking is a full development of the legal basis of the claims now put forward by the Crow Tribe and the United States and a clear enunciation of the scope of these rights. While under ordinary circumstances we might penalize this imprecision by affirming the judgment below, we are reluctant to follow this course when, as in this case, the principal focus of prior proceedings differs significantly from that presently being urged. Previously, the focus of the litigation was upon the title to the bed and banks of the Big Horn River and the rights of the Tribal Council of the Crows to regulate hunting and fishing by non-members within the exterior limits of the Crow Reservation. Now, as indicated above, the concern of the Tribe and the United States is with the nature and extent of the hunting and fishing rights of members of the Crow Tribe. Under these circumstances it is premature for us to determine what these rights might have been before this litigation and the effect, if any, of the decisions of the Supreme Court and this court on such rights.

We have concluded that the contribution we best can make toward expediting the resolution of this litigation is to set forth what we consider to have been the explicit holdings of the Supreme Court and those of this court not overturned by the Supreme Court. An enumeration of these holdings will permit the district court on remand to hear such claims as the Crows and the United States might assert and determine whether such claims, to any extent, have survived prior decisions.

The explicit holdings of the Supreme Court in *Montana v. United States*, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), and of this court in *United States v. State of Montana*, 604 F.2d 1162 (9th Cir. 1979), to the extent not reversed by the Supreme Court, are as follows:

1. The Crow Tribe can proscribe all hunting and fishing by non-members on those lands described in 18 U.S.C. § 1165. *Montana v. United States*, 450 U.S. at 557, 101 S.Ct. at 1254.

2. The Crow Tribe, within 18 U.S.C. § 1165 lands, has power to regulate hunting and fishing by non-members of the tribe (whether Indian or non-Indian) subject to the following conditions:

    (a) That the Crow Tribe lacks the power to impose criminal sanctions on non-Indians who violate its hunting and fishing regulations,

    (b) That the exercise by the Crow Tribe of its power to regulate hunting and fishing by non-Indians must be within the constraints recognized by this court in *Quechan Tribe of Indians v. Rowe*, 531 F.2d 408 (9th Cir. 1976). *Montana v. United States*, 450 U.S. at 557, 101 S.Ct. at 1254; *United States v. Montana*, 604 F.2d at 1165, 1170.

3. The title to the bed and banks of the Big Horn is in the State of Montana. 450 U.S. at 556–57, 101 S.Ct. at 1253–54.

4. The Crow Tribe has no power to regulate hunting and fishing by non-members on non-member owned fee patent land located within the exterior boundaries of the Crow Reservation. *Id.* at 557, 101 S.Ct. at 1254.

5. The State of Montana cannot regulate hunting and fishing by members of the Crow Tribe within 18 U.S.C. § 1165 lands. 604 F.2d at 1172.

6. The State of Montana has the power to regulate hunting and fishing by non-members of the Crow Tribe within the exterior boundaries of the Crow Reservation subject to the following limitations:

 

(a) That such regulations of the State of Montana not regulate indirectly the hunting and fishing by members of the Crow Tribe on 18 U.S.C. § 1165 lands. (b) That such regulations of the State of Montana must have as their purpose the conservation and proper management of game and fish and not to discriminate against, nor to impede, authorized regulation by the Crow Tribe. *Id.* at 1166.

7. Such rights as the State of Montana has to regulate fishing on the Big Horn River by Crows and all others are not limited by either (a) the treaties of 1851 and 1868 (except to such extent as these treaties might acknowledge pertinent aboriginal title rights of the Crow Tribe not heretofore asserted or recognized in this litigation) or (b) the inherent sovereignty of the Crow Tribe. 604 F.2d at 1170–71.

This enumeration obviously does not embrace the issue of whether, and if so, the extent to which, the State of Montana can regulate the hunting and fishing by members of the Crow Tribe on the Big Horn River and within the exterior limits of the Crow Reservation, but outside 18 U.S.C. § 1165 lands. As to that issue we express no opinion other than to indicate that our silence is not intended to express any opinion with respect to the ultimate application of the doctrines of law of the case, collateral estoppel, res judicata, or stare decisis when that issue is squarely presented for resolution.

We, therefore, vacate the judgment of the district court and remand the case to the district court for entry of such judgment as is then appropriate following such showing as the United States and the Crow Tribe may wish to make with respect to the rights of the members of the Crow Tribe to hunt and fish within the exterior limits of the Crow Reservation, but outside 18 U.S.C. § 1165 lands. Any such judgment, of course, must incorporate, or be consistent with, the specific holdings of the Supreme Court and this court (not reversed by the Supreme Court) as set forth in this opinion.

We do not, by this remand, either preclude or require adjudication of the issues remaining undecided as set forth above. If the United States and the Crow Tribe upon remand forego the opportunity to make a showing with respect to these rights, the district court should enter a judgment that incorporates, or is consistent with, the specific holdings set forth above and that does not purport explicitly to adjudicate such rights. Any judgment that might be entered that conforms to this direction in no way will preclude the State of Montana from asserting the judgment's preclusive or controlling effect, pursuant to the doctrines of law of the case, collateral estoppel, res judicata, or stare decisis, at the appropriate time and in the proper forum when confronted by the claims of the United States and the Crow Tribe with respect to the hunting and fishing rights of members of the Crow Tribe outside 18 U.S.C. § 1165 lands.

VACATED AND REMANDED.