Randy V. ROBERTS, Plaintiff—
Appellant,

v.

Jeff HAGENER, Director, Montana Department of Fish, Wildlife and Parks;
et al., Defendants—Appellees.

No. 07–35197.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2008.*

Filed July 18, 2008.

Joseph F. Becker, Esq., Mountain States Legal Foundation, Lakewood, CO, for Plaintiff-Appellant.

Sarah A. Bond, Esq., AGMT—Office of the Montana Attorney General, Helena, MT, for Defendants-Appellees.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SANDOVAL **, District Judge.

## MEMORANDUM ***

Randy Roberts appeals the district court's grant of summary judgment in favor of the State of Montana and numerous Montana government officials (collectively "Defendants" or "Montana") in his suit alleging that a Montana big game hunting regulation violates the Equal Protection Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Both the United States Supreme Court and this court have long held that classifications based on membership in a federally

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

recognized Indian tribe are political, rather than racial, and thus subject to rational basis review. *See, e.g., Morton v. Mancari,* 417 U.S. 535, 551–55, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); *Means v. Navajo Nation,* 432 F.3d 924, 932 (9th Cir.2005); *Kahawaiolaa v. Norton,* 386 F.3d 1271, 1279 (9th Cir.2004). The challenged regulation permits only "tribal members" to hunt big game on Indian reservations in Montana. The regulation clearly classifies based on tribal membership rather than racial status as an Indian. Accordingly, the district court correctly reviewed the regulation under the rational basis standard.[1] *Mancari,* 417 U.S. at 554, 94 S.Ct. 2474; *Kahawaiolaa,* 386 F.3d at 1279.

The district court also correctly granted summary judgment in Montana's favor. Under the highly deferential rational basis test, a classification will be upheld "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Kahawaiolaa,* 386 F.3d at 1279 (quoting *Heller v. Doe,* 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Montana asserts that the regulation furthers two legitimate governmental purposes: 1) promoting the conservation of wildlife within Indian Reservations; and 2) avoiding the logistical difficulties of regulating hunting differently for tribal members and non-members within reservations because of the varying land ownership patterns within Indian Reservations. Both of these reasons are "plausible policy reasons" for enacting the regulation and are rationally related to

allowing only tribal members to hunt big game on Indian reservations. *Id.* at 1280.

**AFFIRMED.**

---

1. We reject Roberts's assertion that Montana lacked the power to enact the regulation. The regulation does not "indirectly" regulate hunting and fishing by members of the Crow Tribe on Indian lands nor does it discriminate against or impede any authorized regulation of the Crow Tribe. *See United States v. Montana,* 686 F.2d 766, 768–69 (9th Cir.1982) (describing, after remand, limitations on Montana's power "to regulate hunting and fishing by non-members of the Crow Tribe within the exterior boundaries of the Crow Reservation").